### THE P. R. R. NO. 34 (four cases).

(Circuit Court of Appeals, Second Circuit.   April 30, 1923.)

Nos. 259–262.

Appeals from the District Court of the United States for the Southern District of New York.

Four separate libels in admiralty, by Haakon Anderson, by Kristen Nielsen, by Iver Madsen, and by Thomas Anderson, against the steam tug P. R. R. No. 34, in which the claimant of the tug impleaded Di Giorgio & Co., Inc., under the fifty-ninth rule in admiralty (29 Sup. Ct. xlvi).   Decree rendered, dismissing the libels against the tug, and for the libelants against the impleaded respondent (290 Fed. 841), and that respondent appeals.   Affirmed.

James A. Fechtig, Jr., of New York City, for appellant.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark and A. Howard Neely, both of New York City, of counsel) for appellee Pennsylvania R. Co.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM.   Decree affirmed.

---

### O'SULLIVAN v. POTTER, Federal Prohibition Director.

(District Court, D. Massachusetts.   January 2, 1923.)

No. 1788.

1. **Intoxicating liquors**  ⟶108(10)—Washington officials not necessary parties to suit to review order revoking drug store permit.

   In suit in equity, brought under National Prohibition Act, tit. 2, §§ 5, 9, to review order revoking plaintiff's drug store permit, *held*, that the Commissioner of Internal Revenue and the Prohibition Commissioner, both of Washington, D. C., were not necessary parties.

2. **Intoxicating liquors**  ⟶108(10)—In suit to review order canceling drug store permit, trial is de novo.

   In suit in equity brought under National Prohibition Act, tit. 2, §§ 5, 9, to review order revoking plaintiff's drug store permit, *held*, that the scope of the review is, for most practical purposes, a trial de novo.

3. **Intoxicating liquors**  ⟶108(10)—On issue of canceling drug store permit, government may show other violations.

   In suit in equity, brought under National Prohibition Act, tit. 2, §§ 5, 9, to review order revoking plaintiff's drug store permit, *held*, that the government may plead and prove other violations of the law than the one originally relied on.

4. **Intoxicating liquors**  ⟶108(4)—Proceeding to revoke drug store permit held defective.

   In suit in equity, brought under National Prohibition Act, tit. 2, §§ 5, 9, to review order revoking plaintiff's drug store permit, proceedings before the commissioner *held* defective, in that the statement of facts annexed to the citation for hearing was too broad in giving neither dates nor names of alleged purchasers, and in that the record of revocation contained matter not adduced at the hearing and statements used as evidence which plaintiff had no chance to meet.

---

⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes